**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERATION FOR AMERICAN )<br>IMMIGRATION REFORM, )<br>25 Massachusetts Ave., NW, Suite 330, )<br>Washington, D.C. 20001, )<br>                                   )<br>                    Plaintiff,    )<br>                                   )<br>v.                                 )<br>                                   )<br>U.S. DEPARTMENT OF HEALTH          )<br>AND HUMAN SERVICES,                )<br>200 Independence Ave, SW,          )<br>Washington, D.C. 20201,            )<br>                                   )<br>                                   )<br>                    Defendant.    )<br>_____) | Civil Action No. |

## **COMPLAINT**

Plaintiff Federation for American Immigration Reform ("FAIR") brings this action against the U.S. Department of Health and Human Services ("HHS") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

### **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3.  Plaintiff FAIR ("Plaintiff") is a non-profit educational foundation organized under the laws of the District of Columbia and having its principal place of business at 25 Massachusetts Ave., NW, Suite 330, Washington, DC 20001. Plaintiff seeks to educate the citizenry on and increase public awareness of immigration issues, and hold the nation's leaders accountable for enforcing the nation's immigration laws. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public.

4.  Defendant HHS is an agency of the U.S. Government and is headquartered at 200 Independence Ave, SW, Washington, DC 20201. HHS has possession, custody, and control of certain public records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

5.  On February 8, 2018, Plaintiff submitted a FOIA request by online FOIA portal to HHS, specifically to the Office of Refugee Resettlement, seeking access to the following public records:

    1)  Any and all records of communications, including but not limited to emails, between Kenneth Tota and Anastasia K. Brown with the U.S. Conference of Catholic Bishops, from January 1, 2014 to January 31, 2018.

    2)  Datasheet on the number of DACA arrivals and how many were turned over to family members under the family unification process for fiscal years 2012, 2013, 2014, 2015, 2016, 2017, and the first quarter of 2018.

    3)  Datasheet depicting the age breakdown of unaccompanied alien children entering the United States, specifically between the ages of 0-3, 4-5, 6-7, 8-9, and 10-11, for fiscal years 2012, 2013, 2014, 2015, 2016, 2017, and the first quarter for 2018.

6.  Plaintiff received an acknowledgment email dated February 8, 2018, from HHS assigning the FOIA request the tracking number 2018-00580-FOIA-OS. On March 1, 2018, Plaintiff received another email notifying Plaintiff that the request was transferred to HHS'

Administration for Children and Families, and assigned the request another tracking number 18-F-0131.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), HHS was required to determine whether to comply with Plaintiff's FOIA request within twenty (20) working days after receipt of each request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, HHS's determination of Plaintiff's FOIA request was due by March 9, 2018, at the latest.

8. As of the date of this Complaint, HHS has failed to: (i) determine whether to comply with Plaintiff's FOIA request; (ii) notify Plaintiff of any such determinations or the reasons for such determinations; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

9. Because HHS has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) with respect to the FOIA request, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to the request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
(Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request, and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  April 6, 2018                    Respectfully submitted,

/s/ Julie B. Axelrod
D.C. Bar No. 1001557
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
Telephone: 202-232-5590
FAX (202) 464-3590
Email: jaxelrod@irli.org